IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAFAEL GUERECA,**

        **Petitioner,**

    v.                   CASE NO. 10-3199-RDR

**CLAUDE CHESTER**
**Warden, USPL,**

        **Respondent.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has also filed a Motion for Leave to Proceed in forma pauperis, which is supported by the requisite financial information, and shall be granted.

Mr. Guereca asks this court to either dismiss "criminal indictments," or order that he is entitled to release from prison for "time served." As grounds for the requested relief, petitioner claims that his "rights under The Vienna Convention and its treaties were violated by the United States government before trial, at the trial and sentencing." He also claims that "ineffective counsel" failed to protect his rights under the Convention and caused him to go to trial and receive a life sentence. He alleges that he is a Mexican National, who speaks no English. He asserts that he is required to seek a hearing on his claimed violations of the Vienna Convention by writ of habeas corpus in federal court.

Mr. Guereca is a federal prisoner. He does not provide the location of the federal court in which he was tried and convicted. Nor does he provide the date of his conviction(s) or the crime(s) of which he was convicted. The court could require that petitioner

adhere to local court rules and submit an "Amended Petition" upon forms provided by the court. However, it is apparent from the materials filed that this court has no jurisdiction over petitioner's claims.

Petitioner's claims are clearly challenges to his criminal conviction. All such challenges must have been presented to the sentencing court during trial and on direct appeal. In addition to the direct appeal procedures provided under 28 U.S.C. § 1291, Congress enacted the § 2255 motion to vacate for collateral attacks on the validity of a federal judgment of conviction or sentence. See United States v. Hayman, 342 U.S. 205, 216 (1952); McIntosh v. United States Parole Com'n, 115 F.3d 809, 811 (10th Cir. 1997).

The habeas corpus petition under 28 U.S.C. § 2241 is available to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3); however, the § 2241 petition does not encompass claims of unlawful detention based on the conviction or sentence of a federal prisoner. In Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), the Tenth Circuit Court of Appeals explained the difference between the two statutory provisions: "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence."[1]  Id. at 166 (citations omitted). By

---

[1] Section 2255(a) provides:

A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.

2

contrast, the § 2241 petition "attacks the execution of a sentence rather than its validity." McIntosh, 115 F.3d at 811-12; Bradshaw, 86 F.3d at 166. It "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964).

In other words, the § 2255 motion to vacate is the sole collateral remedy for a federal prisoner to challenge the validity of his or her federal criminal conviction or sentence unless the § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255;[2] see Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)("The exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."); Williams, 323 F.2d at 673)(same). It is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and the § 2255 remedy has been found to be inadequate or ineffective in only "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).

The Tenth Circuit has explicitly rejected the contention that § 2241 is the only remedy for a habeas claim based on a Vienna

---

[2] Section 2255(e) provides:

An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id.

3

treaty violation, and has held that a federal prisoner who seeks to collaterally attack his conviction based upon such a claim must do so under § 2255 rather than § 2241.  See Juarez-Lozano v. Chester, 2010 WL 2747505 (10th Cir. July 13, 2010)(copy attached).

Petitioner has made no effort in this case to show that the § 2255 remedy is inadequate or ineffective for litigating his claims regarding his conviction.  While § 2255 petitions are subject to two significant statutory "gate-keeping" restrictions: a one-year statute of limitations, § 2255(f), and a ban on second and successive motions, § 2255(e), that are likely to impact petitioner's claims, a habeas petitioner may not avoid such restrictions by simply insisting that his claims proceed under § 2241.  The United States Supreme Court has expressly held that habeas claims similar to petitioner's asserting rights under the Vienna convention are subject to the doctrine of procedural default and other limitations on habeas corpus petitions.  See Medellin v. Texas, 552 U.S. 491 (2008); Sanchez-Llamas, 548 U.S. at 356, 360 (Vienna Convention claim procedurally defaulted when omitted on direct appeal from conviction in state court); Breard v. Greene, 523 U.S. 371, 375 (1998)(The rule of procedural default applies to Vienna Convention claims raised in federal habeas corpus proceedings challenging state convictions.).  It follows that even if Mr. Guereca has or would find himself precluded from filing a § 2255 motion by the statute-of-limitations and successive-writ provisions of § 2255, that fact alone would not establish that the § 2255 remedy is inadequate.  Caravalho, 177 F.3d at 1178-1179 (finding § 2255 remedy was not ineffective or inadequate where procedural obstacles set forth in Antiterrorism and Effective Death Penalty Act

barred petitioner from bringing successive § 2255 motion); see Bradshaw, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.")(quotation omitted); see also Sines v. Wilner, 609 F.3d 1070, 1073-74 (10th Cir. 2010).

In sum, because petitioner's exclusive remedy for bringing challenges to his federal conviction is a motion to vacate under 28 U.S.C. § 2255 and because he makes no showing that the § 2255 remedy is inadequate or ineffective, this Petition should be dismissed without prejudice for lack of jurisdiction. See Gibson v. Fleming, 28 Fed.Appx. 911, 913 (10th Cir. 2001)(court should have dismissed § 2241 habeas petition without prejudice for lack of jurisdiction where petition challenged federal conviction or sentence and petitioner did not show § 2255 remedy was inadequate or ineffective). Petitioner shall be given time to show cause why this action should not be dismissed without prejudice for lack of jurisdiction. If he fails to show cause within the time allotted this action will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: This 14th day of October, 2010, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
                                        **United States District Judge**