IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAFAEL GUERECA,**

    **Petitioner,**

    v.         CASE NO. 10-3199-RDR

**CLAUDE CHESTER,**
**Warden,**

    **Respondent.**

**O R D E R**

On October 14, 2010, this court entered a screening order finding that it did not have jurisdiction over petitioner's claims, which are clearly challenges to his federal convictions that may only be litigated by motion in the sentencing court pursuant to 28 U.S.C. § 2255. Petitioner was given time to show cause why the action should not be dismissed for the reasons stated. He filed a Response that simply reargued the claims in his Petition; and on November 12, 2010, the action was dismissed. The matter is now before the court upon Mr. Guereca's Motion for Reconsideration under Fed.R.Civ.P. Rules 60(b) and 59(e). Having considered this motion, the court finds it should be denied.

Relief under either Rule 59(e) or Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(citations omitted); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990); Amoco Oil Co. v. U.S.E.P.A., 231 F.3d 694, 697 (10th Cir. 2000).

Neither Rule 59(e) nor Rule 60(b) permits a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in petitioner's earlier filings. <u>Wilkins v. Packerware Corp.</u>, 238 FRD 256, 263 (D.Kan. 2006), <u>aff'd</u> 260 Fed.Appx. 98 (10th Cir. 2008)(citing <u>Brown v. Presbyterian Healthcare Servs.</u>, 101 F.3d 1324, 1332 (10th Cir. 1996); <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. <u>Van Skiver v. U.S.</u>, 952 F.2d 1241, 1243-44 (10th Cir. 1991), <u>cert</u>. <u>denied</u>, 506 U.S. 828 (1992).

"A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." <u>Wilkins</u>, 238 F.R.D. at 263 (D. Kan. 2006)(citing <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 948 (10th Cir. 1995)).

Under Rule 60(b), a "litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.[1]" <u>Van Skiver</u>, 952 F.2d at 1244; <u>Cashner</u>

---

[1] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an

2

v. Freedom Stores, Inc., 98 F.3d 572, 576-77 (10th Cir. 1996)(Rule 60(b) is not a substitute for appeal).

The court has considered Mr. Guereca's post-judgment motion, and finds that he is not alleging an intervening change in the law, new evidence, reason to void the judgment, or fraud. Instead, he appears to generally assert that the court's judgment was in error. The reasons for this court's dismissal upon screening and the legal standards applied were fully explained in its screening order and order of dismissal. Petitioner's mere restatement of his claims and his disagreement with the findings and rulings of the court fail to demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend the judgment dismissing this action.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Reconsideration under Fed.R.Civ.P. Rules 59(e) and 60(b) (Doc. 7) is denied.

**IT IS SO ORDERED.**

**DATED: This 19th day of January, 2011, at Topeka, Kansas.**

    **s/RICHARD D. ROGERS**
    **United States District Judge**

---

    opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60 (b).